[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third party defendant, Reliable Data Systems, Inc. ("Reliable"), has moved to dismiss the third party complaint of Grant Brothers Fuel Oil Inc. ("Grant") on the grounds that the parties agreed to litigate their disputes in Maryland.
While the movant alleges lack of jurisdiction in its motion, at oral argument it recognized that an agreement as to forum does CT Page 312 not remove a court's jurisdiction but may supply a reason for this court to decline to exercise its jurisdiction for the purpose of giving effect to the parties' agreement. See Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,577 (1991). The third party plaintiff, Grant, objects that the contract clause limiting its choice of forum should not be enforced.
Grant alleges in its third party complaint that on July 15, 1993, it entered into an agreement to purchase from Reliable certain computer software, and that it agreed to finance the purchase in a lease agreement with Eaton Financial Corporate ("Eaton") prior to receiving the software from Reliable. Grant alleges that Reliable failed to deliver the equipment which is the subject of the lease on which Eaton has sued Grant in Connecticut.
Reliable's sales agreement with Grant is a one page document. Some of the terms, including the agreement as to the forum for disputes, appear in the back of the document, however the front bears the following notice, just above the signature lines:
TERMS AND CONDITIONS ON REVERSE SIDE ARE PART OF THIS AGREEMENT.
Paragraph 7 of those terms is as follows:
7. Forum Selection
 Any action by Customer or RDS shall be brought in the court of appropriate jurisdiction in Baltimore County, Maryland or the United States District Court for the District of Maryland located in Baltimore City. Customer and RDS each consent to the jurisdiction of such courts and waive all claims of improper venue.
Grant Brothers Fuel Oil Co. is identified as the "customer" in the agreement and Reliable Data Systems, Inc. is identified as "RDS." The purchase price is $19,685.00.
The parties have both invoked cases concerning the exercise of long arm jurisdiction in situations in which suit was brought in the forum specified in an agreement. See, e.g., United States Trust Co. v. Bohart, 197 Conn. 34, 38-39 (1985). The situation at issue here is different: it is whether this court, which has in personam jurisdiction pursuant to Connecticut's long arm statute, should decline to exercise it in order to give effect to a CT Page 313 contractual limitation on the forum for disputes agreed to by the parties.
It does not appear that the appellate courts of Connecticut have had occasion to rule on the enforceability of forum selection clauses in such a context.[1] The United States Supreme Court has ruled that such clauses are enforceable unless affected by fraud, undue influence or overweening bargaining power, or unless the provision is unreasonable because the chosen forum is seriously inconvenient for the trial of the dispute. The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12, 16 (1972). Similarly, in Scherk v. Alberto-Culver Co., 417 U.S. 506, 518 (1974), in the context of an arbitration clause, the Supreme Court gave effect to a contractual choice of forum and observed "[t]wo terms ago in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, we rejected the doctrine that a forum selection clause of a contract, although voluntarily adopted by the parties, will not be respected in a suit brought in the United States `unless the selected state would provide a more convenient forum than the state in which suit is brought.' Id., at 7. Rather, we concluded that a `forum clause should control absent a strong showing that it should be set aside.' Id., at 15."
Likewise, in National Rental v. Szukhent, 375 U.S. 311, 316, (1964), the Court stated that parties to a contract may agree in advance to submit to the jurisdiction of a given court.
While Grant complains that the forum selection clause did not appear on the face of the contract, it clearly appeared in the rather brief list of provisions on the reverse, and the signature line was preceded by a clear statement of incorporation of terms printed on the reverse side of the contract form. Grant has demonstrated no fraud or seriously unequal bargaining power of the type referred to in Bremen v. Zapata, supra. At most, it makes the point that it will be more efficient and less costly for Grant to maintain its claim against the supplier in the same proceeding as its dispute with the financing company rather than in a separate action in a distant state.
This court cannot, however, use one party's present convenience as a reason to rewrite its contract with the other party. Fidelity Trust Co. v. BVD Associates, 196 Conn. 270, 282
(1985); Hatcho Corporation v. Della Pietra, 195 Conn. 18, 21
(1985); Jay Realty Inc. v. Ahearn Development Corporation,189 Conn. 52, 55 (1983); Robert Lawrence Associates, Inc. v. DelVecchio, 178 Conn. 1, 22 (1979). CT Page 314
The motion to dismiss the third party complaint is granted.